NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMIAN AYARZAGOITIA,

        Plaintiff-Appellant,

v.

CORECIVIC CORPORATION; GERARD
BAKER, Correctional Counselor at Saguaro
Correctional Center,

        Defendants-Appellees.

No. 23-15882

D.C. No. 2:23-cv-00244-JAT-JFM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 17, 2024[**]

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Idaho state prisoner Damian Ayarzagoitia, incarcerated at Saguaro

Correctional Center in Arizona, appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging excessive force and conditions-of-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

confinement claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Ayarzagoitia's claims against defendant CoreCivic Corporation because Ayarzagoitia failed to allege facts sufficient to show that a policy or custom of CoreCivic's caused his alleged injury. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012) (concluding that in a § 1983 action against a private entity, "the constitutional violation must be caused by a policy, practice, or custom of the entity, or be the result of an order by a policy-making officer" (citations and internal quotation marks omitted)).

The district court properly dismissed Ayarzagoitia's excessive force claim because Ayarzagoitia failed to allege facts sufficient to show that defendant Baker acted "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (discussing excessive force claims in the prison context).

We reject as unsupported by the record Ayarzagoitia's contentions that the court clerk, rather than Judge Teilborg, dismissed his action with prejudice.

**AFFIRMED.**

23-15882